**J. R. TOLMIE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 6337.**

United States District Court
W. D. Washington, N. D.

Sept. 13, 1965.

Gordon N. Cromwell, Maurice R. Mc-Micken, Seattle, Wash., for plaintiff.

John B. Jones, Jr., Acting Asst. Atty. Gen., Jerome Fink, Bruce A. Koppe, Attys., Dept. of Justice, Washington, D. C., William N. Goodwin, U. S. Atty., Gerald Hess, Asst. U. S. Atty., Seattle, Wash., for defendant.

BEEKS, District Judge.

The Court finds the facts of this case to be indistinguishable from those in Commissioner of Internal Revenue v. Winter, 303 F.2d 150 (3d Cir.1962), and is of the opinion that the Winter case is controlling here.

■ Although the parties have stipulated that the taxpayer's former employer had no *policy* regarding retirement other than compulsory retirement at age 65, Rev.Rul. 57–76, 1957–1 Cum.Bull. 66, speaks in terms of the employer's *practice*. In this respect the Court agrees with the Court of Appeals for the Third Circuit that the retirement practice of the employees is competent evidence of the retirement practice of the employer in a situation such as this where the employer has no affirmative policy or practice with regard to retirement prior to the compulsory retirement age and acquiesces in the practice of the employees.

■ Furthermore, Section 105(d) of the Internal Revenue Code of 1954 establishes as a criterion that the employee be "absent from work on account of personal injuries or sickness." The taxpayer was put on a service pension "because of permanent disability resulting from arteriosclerosis" and therefore clearly meets the statutory test. Although the Government's definition of "retirement age" might well be applicable to other situations, if applied to the facts of this case it would dictate a result contrary to that required by the statute itself. On the facts of this case, "retirement age" as used in the regulations must be construed to mean the compulsory retirement age.

Judgment will be for the plaintiff.

Counsel for plaintiff will prepare an order in accordance with this opinion for presentation at 9:30 a.m. on September 20, 1965.